UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS #311171,

    Plaintiff,                                               Hon. Robert J. Jonker

v.                                                              Case No. 1:18-cv-1240

SHANE JACKSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 39), and Defendants' Motion for Summary Judgment (ECF No. 44). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's Motion be denied, Defendants' motion be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against a correctional facility and fourteen individuals, including Daryl Hoffman, Gary Trefil, and James Findley. In its December 27, 2018, screening opinion, the Court described in detail the allegations advanced in Plaintiff's complaint. (ECF No. 4). Most of Plaintiff's claims were dismissed on screening. (*Id.*). Specifically, the Court dismissed all of Plaintiff's claims, save his claims against Defendants Hoffman, Trefil, and Findley against whom Plaintiff

asserts various retaliation claims. With respect to these claims, Plaintiff alleges the following.[1]

On August 21, 2017, Plaintiff was transferred to the Carson City Correctional Facility. Soon thereafter, he was appointed to serve as "Block Representative" for his housing unit. In this capacity, Plaintiff reported concerns regarding "unit conditions" and "staff mistreatment." In response, Defendants Findley, Trefil, and Hoffman subjected Plaintiff to unspecified "harassment." On November 7, 2017, Plaintiff reported this harassment to several prison officials, but no action was taken to address the matter.

On December 10, 2017, Defendants Findley and Trefil searched Plaintiff's cell. During this search, Findley and Trefil "planted" a knife in Plaintiff's locker as part of a conspiracy with Defendant Hoffman. Based upon the discovery of this knife, Defendant Finley charged Plaintiff with Possession of a Weapon and placed him in segregation. Defendant Trefil also confiscated Plaintiff's typewriter on the ground that a wire "was hanging out the back." Defendant Hoffman subsequently conducted a hearing, during which Hoffman refused Plaintiff's requests to allow his family to pay the cost to repair the typewriter. On December 10, 2017, Defendants Trefil and Findley "threw out" a

---

[1] The Court notes that Defendants, in the present motion, address certain purported claims that are neither articulated in Plaintiff's complaint nor encompassed within his retaliation claims. The operative pleading in this matter is Plaintiff's complaint, which Plaintiff has not moved to amend, and to the extent that Plaintiff may have attempted to assert additional claims in other pleadings or proceedings is of no consequence. Plaintiff subsequently asserted that his retaliation claims were limited to the allegations contained in paragraphs 33-42 of his complaint. (ECF No. 41 at PageID.286).

footlocker belonging to Plaintiff, including the personal property and legal materials therein.

Plaintiff alleges that Defendants Hoffman, Trefil, and Findley engaged in the following actions as retaliation for Plaintiff having complained about the harassment he experienced after reporting concerns regarding "unit conditions" and "staff mistreatment": (1) Hoffman, Trefil, and Findley conspired to falsely charge Plaintiff with possession of a weapon and have him placed in segregation; (2) Trefil confiscated Plaintiff's typewriter; (3) Hoffman refused to allow Plaintiff's family to pay the cost to repair Plaintiff's typewriter; and (4) Trefil and Findley destroyed Plaintiff's personal property and legal materials. The parties now all move for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are

insufficient, however.  *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004).  Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred.  *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).  *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action.  Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity."  *Eby*, 481 F.3d at 441-42.  Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury.  Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."  *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

As discussed above, Plaintiff alleges that Defendants retaliated against him for complaining about harassment he experienced after reporting concerns regarding "unit conditions" and "staff mistreatment."  Plaintiff's claims fail, however, because he has presented no evidence that Defendants Hoffman, Trefil, or Findley were aware of Plaintiff's harassment claims.  Plaintiff argues that his complaints were articulated in

two documents: (1) an alleged November 14, 2017, grievance;[2] and (2) an "agenda" memo Plaintiff allegedly authored on December 4, 2017. (ECF No. 1 at PageID.19-20).

Defendants have each submitted affidavits in which they assert that they were unaware of Plaintiff's complaints or these particular documents. (ECF No. 45 at PageID.363-67, 409-16). In response, Plaintiff has presented no evidence to the contrary. Likewise, Plaintiff has failed to present evidence from which a reasonable person could conclude that Plaintiff's allegedly protected conduct motivated Defendants' challenged conduct. In short, Plaintiff's retaliation claims are premised on "bare allegations of malice," which are insufficient. Accordingly, the undersigned recommends that Plaintiff's motion for partial summary judgment be denied and Defendants' motion for summary judgment be granted.

---

[2] There is no evidence that this grievance was ever submitted to prison officials for processing.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) be **DENIED**, Defendants' Motion for Summary Judgment (ECF No. 44) be **GRANTED**, and this matter terminated.


Date: November 22, 2019                         /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).